| | |
|---|---|
| MICHAEL D. KANE,<br><br>                                    Petitioner,<br>v.<br>JOSIE GASTELO, Warden,<br><br>                                   Respondent. | Case No.:  19cv1354-WQH-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 7]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Respondent's motion to dismiss be **DENIED**.  The Court finds that the Petition contains both exhausted and unexhausted claims and therefore **RECOMMENDS** that Petitioner be advised about the options available to him with respect to his mixed petition.  If Petitioner fails to pursue either option, the Court **FURTHER RECOMMENDS** that Petitioner's

unexhausted grounds for relief be **DISMISSED** and that the Court proceed solely as to Petitioner's exhausted ground for relief.

## I. PROCEDURAL BACKGROUND

### A. Federal Proceedings

On July 16, 2019, Michael D. Kane ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 4). Petitioner did not set forth specific claims in the instant federal petition; rather he appended his original opening brief filed in the California Court of Appeal and the appellate court's opinion which related to a revised opening brief. (*See* ECF No. 1). Construing his petition liberally, Petitioner raises four grounds for relief: (1) the trial court prejudicially erred by failing to instruct the jury that the prosecution must have proved Petitioner displayed a deadly and dangerous weapon in a menacing manner during the robbery of the victim; (2) the trial court abused its discretion and violated Petitioner's due process rights by failing to consider the option of striking one of Petitioner's prior strike convictions; (3) the trial court errantly stayed, rather than struck, Petitioner's one-year term on the prison-prior enhancement; and (4) the trial court's abstract of judgment should be corrected to reflect the actual judgment imposed.[1]  (*See* ECF No. 1 at 5-10, 62-66).

---

[1] Respondent contends that Petitioner only raises the first, third, and fourth grounds for relief in his Petition. (ECF No. 7-1 ("MTD") at 2). However, Petitioner clearly intended to raise four grounds for relief. (ECF No. 1 at 5-10). While Petitioner did not attach the revised opening brief raising the second ground to his Petition, he did attach the California Court of Appeal's opinion addressing it. (*Id.* at 62-66). Further, Respondent is aware of the second ground for relief because Respondent references it in the instant motion. (*See* MTD at 2 (citing Lodgment 6)). Because the Court "must construe *pro se* habeas filings liberally," the Court finds that Petitioner has asserted four grounds for relief in his Petition. *See Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir. 2003).

2

19cv1354-WQH-MDD

On October 18, 2019, Josie Gastelo ("Respondent") moved to dismiss the Petition on the grounds that the Petition contains unexhausted and procedurally defaulted claims. (ECF No. 7-1 ("MTD")). To date, Petitioner has not filed an opposition to Respondent's motion. (*See* Docket; *see also* ECF No. 5 (ordering Petitioner to file any opposition to Respondent's motion to dismiss on or before January 2, 2020)).

**B.     State Proceedings**

On April 6, 2017, Petitioner was found guilty by a jury for murder in the first degree (Cal. Penal Code § 187(a)) and robbery (Cal. Penal Code § 211). (Lodgment 1 at 1209; Lodgment 2 at 141-42, 256). The jury further found true the allegation that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)). (Lodgment 1 at 1209; Lodgment 2 at 141-42, 256). On June 6, 2017, Petitioner was sentenced to seventy-five years to life, plus an additional eleven years. (Lodgment 1 at 2515-16; Lodgment 2 at 293-94).

Petitioner filed an appeal with the California Court of Appeal, filing an amended opening brief on February 7, 2018, listing the grounds for relief raised in the instant Petition. (Lodgment 4; Lodgment 6). On June 1, 2018, the California Court of Appeal found that the trial court should have stricken, rather than stayed, the prison prior term enhancement and that the clerical errors in the abstract of judgment should be corrected. (Lodgment 9 at 3). Accordingly, the appellate court ordered the judgment be amended to strike the prior prison term enhancement and that the abstract of judgment be corrected to address certain clerical issues. (*Id.*). The appellate court affirmed the judgment in all other respects. (*Id.*).

On July 11, 2018, Petitioner filed a Petition for Review with the California Supreme Court raising a single argument: the trial court abused

3

19cv1354-WQH-MDD

its discretion and violated Petitioner's due process rights by failing to consider the option of striking one of Petitioner's prior strike convictions. (Lodgment 10). On August 15, 2018, the California Supreme Court denied the petition for review without comment. (Lodgment 11).

## II. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby exhausting them. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). Exhaustion of a habeas petitioner's federal claims requires that they have been fairly presented in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. *Ross v. Craven*, 478 F.2d 240, 240-41 (9th Cir. 1973). To exhaust one's claims, the petitioner must also "alert[] [the state] court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. A petitioner may do so by citing the source of federal law upon which he relies, or by labeling the claim as "federal." *Id.* at 32.

Where none of a petitioner's claims have been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Where a petition contains unexhausted and exhausted claims, district courts "have

4

the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims." *Id.*

### III. DISCUSSION

Respondent contends Petitioner's claims are unexhausted. (MTD at 3-4). Petitioner raised four arguments in his direct appeal to the California Court of Appeal. (Lodgment 6). However, he raised only one argument in his Petition for Review with the California Supreme Court. (Lodgment 10). In his Petition for Review he argued that "[i]t is simply not clear from [the] record that the trial court recognized its discretion to strike just one of [Petitioner's] strike-priors and expressly declined to do so." (*Id.* at 24). Because Petitioner raised this ground for relief on direct appeal to the California Court of Appeal and the California Supreme Court, he has exhausted his second ground for relief. Petitioner did not raise any of his other grounds for relief on direct appeal to the California Supreme Court. (*See* Lodgment 6; Lodgment 10). Additionally, Petitioner has not sought collateral review of his claims by way of a state habeas corpus petition. (*See generally*, Lodgments; *see also* ECF No. 1 at 3). Therefore, Petitioner did not exhaust his first, third, or fourth grounds for relief. Accordingly, the instant Petition is mixed, meaning it contains both exhausted and unexhausted claims.[2]

---

[2] According to Respondent, the first, third, and fourth grounds for relief are unexhausted and procedurally defaulted because Petitioner no longer has an available state court remedy on direct appeal with which to exhaust his claims. (MTD at 4). While Respondent is correct that Petitioner no longer has a state remedy on direct appeal for any of his unexhausted grounds for relief, it is possible that Petitioner could present and exhaust an appropriate federal claim in the state courts. *See In re Reno*, 55 Cal. 4th 428, 460 (2012) ("The United States Supreme Court recently, and accurately, described the law applicable to habeas corpus petitions in California: "While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so.

5

A mixed petition is subject to dismissal absent a stay. *See Rose*, 455 U.S. at 518. Moreover, pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). As such, if a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). A petition may be stayed under either *Rhines*, or under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). *See King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Pursuant to *Rhines*, a stay is available only in the limited circumstances where a petitioner shows that: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. When a petitioner satisfies these three requirements, "it likely would be an abuse of discretion for a district court to deny a stay." *Id.* However, even if a petitioner had good cause for his failure to exhaust, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at 277.

Under *Kelly*, a stay requires: (1) that the petitioner file an amended petition deleting his unexhausted claims; (2) that the district court "stay[]

---

Instead, California courts 'appl[y] a general "reasonableness" standard' to judge whether a habeas petition is timely filed.") (quoting *Carey v. Saffold*, 536 U.S. 214, 222 (2002)). Accordingly, Petitioner's claims are not procedurally defaulted.

and hold[] in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) that the petitioner subsequently amend his federal habeas petition "and re-attaches the newly-exhausted claims to the original petition." *King*, 564 F.3d at 1135 (citing *Kelly*, 315 F.3d at 1070-71). However, the petitioner may only amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. *Id.* at 1140-43.

As set forth above, the Court finds that the Petition contains one exhausted ground for relief (ground two) and three unexhausted grounds for relief (grounds one, three, and four). Because the Petition contains both exhausted and unexhausted claims, the Petition is subject to dismissal absent a stay. *Rose*, 455 U.S. at 518; *King*, 564 F.3d at 1138-39. Petitioner has not filed a motion for stay. (*See* Docket). Accordingly, the Court **RECOMMENDS** that Petitioner be sent an order specifying his options with respect to the mixed Petition. If Petitioner seeks to choose the *Rhines* approach, he must file a motion for stay and address the three *Rhines* conditions set forth above. If Petitioner seeks to stay this action under *Kelly*, Petitioner must submit an amended petition asserting only his exhausted claim for relief and must also file a motion for stay. If Petitioner does not elect one of the identified options, then the Court **RECOMMENDS** that the first, third, and fourth grounds for relief be **DISMISSED** and the Court proceed solely as to Petitioner's exhausted ground for relief (ground two).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) **DENYING** Respondent's motion to dismiss, (3) finding

the Petition contains exhausted and unexhausted claims, (4) issuing a Notice Regarding Possible Partial Dismissal of Petition for Failure to Exhaust State Court Remedies, and (5) **DISMISSING** Petitioner's first, third, and fourth grounds for relief if he does not move for a stay under *Rhines* or *Kelly*.

**IT IS ORDERED** that no later than **February 24, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 9, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: January 31, 2020

*[signature]*

Hon. Mitchell D. Dembin
United States Magistrate Judge