1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL D. KANE,

                              Petitioner,

v.

JOSIE GASTELO, Warden,

                              Respondent.

Case No.:  19cv1354-WQH-MDD

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 1]

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  For the reasons set forth herein, the Court **RECOMMENDS** Michael D. Kane's ("Petitioner" or "Kane") Petition for Writ of Habeas Corpus be **DENIED**.

## I.   FACTUAL BACKGROUND

### A.   State Proceedings

"[A] determination of factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The following facts, taken from the California Court of Appeal's June 1, 2018, decision on direct review,

(ECF No. 8-19 ("Lodgment 9")), have not been rebutted with clear and convincing evidence and must be presumed correct. 28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009).

Kane was inside a tobacco shop when he noticed a frail older man, Kevin Kelley, putting $900 in 20-dollar bills into his pants pocket. After both men exited the store, Kelley walked to a supermarket in the same shopping center, and Kane drove over to the supermarket in his vehicle. Kane confronted Kelley outside the supermarket and demanded that he hand over his money. According to Kelley's statement to police, Kane stated something such as "Give me that cash outta your pocket right now or I'm gonna stab you" or "cut you." Kelley told police he saw something in Kane's hand that "looked like it could have been a knife." Specifically, Kelley stated he saw Kane holding something with a black handle that could have been a folded up pocket knife or switchblade knife. However, Kelley did not see any blade. Kelley believed Kane was trying to hide the knife so no one could see it but, at the same time, Kane wanted Kelley to feel threatened.

When Kelley did not immediately hand over the money, Kane took it out of Kelley's pocket by force, and in the process, he pushed Kelley to the ground. After Kane fled the scene, police arrived, and Kelley was transported to the hospital, where it was determined that he suffered a fractured hip. Kelley underwent a partial hip replacement surgery. While Kelley was recovering from the surgery in a skilled nursing facility, he developed a urinary tract infection due to a catheter that had been inserted during his stay at the facility. Kelley then developed sepsis from the urinary tract infection and died from septic shock 17 days after he was assaulted and robbed by Kane.

Police located Kane by using surveillance video from the shopping center. Two eyewitnesses to the assault and robbery subsequently identified Kane in a photographic line up and in court.

Kane was charged with, and convicted by a jury of, first degree felony murder and robbery, with the further finding for the robbery

count that Kane personally used a deadly or dangerous weapon (a knife).   The information alleged that Kane incurred two prior strikes, two prior serious felonies and three prior prison terms.   The trial court made a true finding as to all of the criminal history allegations except for one of the prior prison terms.

After denying Kane's *Romero* motion, the trial court sentenced Kane to an indeterminate sentence of 75 years to life for the murder conviction, and a determinate term of 11 years for the two serious felony priors and one of the prior prison terms.   A 25-year-to-life sentence relating to the robbery count and a one-year sentence for the corresponding weapon-use enhancement was stayed pursuant to section 654.   The trial court also stayed the sentence on one of the prior prison term enhancements.

(Lodgment 9 at 3-5) (internal citations omitted).

Petitioner filed an appeal with the California Court of Appeal raising four grounds for relief.  (Lodgments 4, 6).  The appellate court affirmed the trial court in all aspects except it ordered the judgment be amended to strike the prior prison term enhancement and to correct certain clerical issues. (Lodgment 9).  On July 11, 2018, Petitioner filed a Petition for Review with the California Supreme Court raising a single argument: the trial court abused its discretion and violated Petitioner's due process rights by failing to consider the option of striking one of Petitioner's prior strike convictions. (Lodgment 10).  On August 15, 2018, the California Supreme Court denied the petition for review without comment.  (Lodgment 11).

## B.   Federal Proceedings

On July 16, 2019, Petitioner, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF Nos. 1, 4).  Following a motion to dismiss and Petitioner's failure to move for a stay of his unexhausted claims, the Court dismissed all but one of the grounds for relief raised in the Petition.  (*See* ECF Nos. 7, 14, 16).  Petitioner challenges his

conviction on the grounds that the trial court abused its discretion and violated Petitioner's due process rights by failing to consider the option of striking one of Petitioner's prior strike convictions (*See* ECF No. 1 at 62-66).

On September 8, 2020, Respondent filed an Answer and Memorandum of Points in Authorities in support thereof. (ECF No. 18-1 ("Answer")). Petitioner did not file a Traverse. (*See* Docket).

## II.   STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under § 2254(d), federal habeas relief for a claim adjudicated on the merits in state court is granted if the state court adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court's decision is "contrary to" clearly established federal law if it either "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (O'Connor, J., concurring)). The state court's decision is "an unreasonable application" of clearly established federal law "if 'the state court identifies the correct governing legal principle' but applies the principle

unreasonably to the prisoner's factual situation.*" Holley*, 568 F.3d at 1098 (quoting *Williams*, 529 U.S. at 413). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Woodall*, 134 S.Ct. at 1702 (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)).

### III.   DISCUSSION

Petitioner's sole claim is that the trial court abused its discretion and violated Petitioner's due process rights by denying his request to strike one of his prior strike convictions pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1995) ("*Romero* motion"). (ECF No. 1 at 62-66). California trial courts have the discretion to dismiss prior strikes in furtherance of justice under California Penal Code Section 1385(a). *Romero*, 13 Cal. 4th at 529-30. In ruling on a *Romero* motion, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the . . . spirit [of California's Three Strikes law], in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." *People v. Williams*, 17 Cal. 4th 148, 161 (1998).

Petitioner argues the trial court did not understand its discretion to strike just one of Petitioner's prior strikes, as opposed to both of them. (ECF No. 8-16 ("Lodgment 6") at 37-38). Petitioner further argues that this resulted in a sentencing decision that was arbitrary or capricious and violated his Fourteenth Amendment due process rights. (*Id.* at 39-40). Respondent contends Petitioner's claim is not cognizable in a federal habeas proceeding. (Answer at 9).

## A.   Relevant Background

Post-conviction, Petitioner filed a *Romero* motion to strike his prior strike convictions for residential burglary from 2009 and 2011.  (ECF No. 8-12 ("Lodgment 2") at 248-53).  Petitioner argued that a sentence of 75-years-to-life for the murder conviction plus an 11-year determinate sentence was "overly harsh" in light of his "lack of intent to inflict injury."  (*Id.* at 249).

The trial court weighed the *Romero* factors and noted that "the majority of them do not weigh in [Petitioner's] favor."  (ECF No. 8-11 ("Lodgment 1-11") at 11).  The trial court explained that the current offense of murder is "a serious and violent offense," and that the prior convictions were all within "seven years of the offense date."  (*Id.* at 11-12).  Further, Petitioner's "crimes [were] escalating in nature, going from nonviolent offenses to violent offenses," and the "victim in this case was extremely vulnerable."  (*Id.* at 12) (explaining that Petitioner "took advantage of an elderly man.").  While Petitioner's attorney argued that he suffered from mental illness, the Court indicated that there was "no documented history of mental illness."  (*Id.*).

The trial court did find one factor weighed in favor of Petitioner because "the Court has adequate sentencing parameters without imposing a three strikes law."  (*Id.* at 12-13).  The trial court explained that "even if the Court strikes the strikes, he's still looking at 36-years-to-life."  (*Id.* at 13).  However, the trial court concluded that this one factor "is outweighed by the overwhelming [other] factors that the Court mentioned."  (*Id.*).  The trial court denied Petitioner's "request to strike the strikes or even one of the strikes" and sentenced Petitioner as a third-strike offender to a term of 11 years, plus 75-years-to-life.  (*Id.* at 15-16).

The California Court of Appeal found no abuse of discretion in the trial court's denial of the *Romero* motion, noting that the trial court applied the

proper legal criteria, and understood and exercised its discretion to reasonably find that Petitioner did not fall outside the spirit of the Three Strikes Law:[1]

> The trial court's comments at the hearing plainly establish that the trial court understood and considered its discretion to strike only one of Kane's two strikes, as it stated that "the request to strike the strikes *or even one of the strikes* is denied." The trial court's statement that adequate sentencing parameters existed if it decided to strike *both* the strikes does not suggest that the trial court did not consider whether to strike only one of the strikes. There was no need for the trial court to explain that a *higher* sentence that would be applied if it struck only *one* of the strikes would *also* be adequate, as it had already stated that a *lesser* sentence of 25 years to life plus an 11-year determinate term provided adequate sentencing parameters.

(Lodgment 9 at 13).

## B.   Discussion

Federal habeas relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Matters relating to state sentencing laws generally do not raise a federal constitutional question. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Accordingly, Petitioner's claim that the trial court abused its discretion in denying his *Romero* motion is not cognizable on federal habeas review. *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *vacated on other grounds by Mayle v. Brown*, 538 U.S. 901 (2003); *Ely v.*

---

[1] The California Court of Appeal's decision rested on state law grounds and did not specifically address the federal nature of Petitioner's claim. "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). As such, the Court presumes the court of appeal adjudicated the federal nature of Petitioner's claim on the merits.

*Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (finding that petitioner's claim that the trial court abused its discretion by refusing to strike a prior strike conviction was not a cognizable federal habeas claim).

A misapplication of state sentencing law may violate due process if the error is "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). However, Petitioner has not shown that the state court's conclusion was arbitrary or capricious. The appellate court's finding that the trial court did not abuse its discretion by denying Petitioner's *Romero* motion is supported by the record and is objectively reasonable. The trial court considered the specific aspects of Petitioner's serious criminal history. Although adequate sentencing parameters existed if both prior strikes were stricken, the prior convictions were recent, the severity of Petitioner's crimes were escalating, murder is a serious crime, the victim was extremely vulnerable, and Petitioner did not have any history of mental illness. Given the record in this case, the Court cannot conclude that the California Court of Appeal's determination was either contrary to, or involved an unreasonable application of, clearly established federal law.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS HEREBY ORDERED** that no later than **October 29, 2020**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**IT FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 5, 2020**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   October 15, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

19cv1354-WQH-MDD